# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Veronica Cook-Euell, | : | Case No. 5:07CV2694 |
| obo Jordan E. Euell, | : | |
| | : | |
| Plaintiff | : | Judge Kathleen O'Malley |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Commissioner of Social Security, | : | |
| | : | **REPORT AND RECOMMENDED** |
| Defendant | : | **DECISION** |

    This Court sees no need for an extended discussion of the law or facts in this action brought under 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of the defendant's final determination denying plaintiff's application on behalf of her minor child, Jordan E. Euell, for an award of supplemental security income benefits, 42 U.S.C., 1381 et seq. That application was filed on February 1, 2002, when her son was slightly more than five years old (D.O.B. January 6, 1997).

    Upon denial of the claim at the state agency level the plaintiff requested de novo review by an Administrative Law Judge (ALJ), and that hearing was set for March 10, 2005 by way of teleconference, with the ALJ in Indianapolis, Indiana and the plaintiff and counsel in Cleveland, Ohio. The plaintiff, however, requested that the hearing be continued until an ALJ could personally preside, and the hearing was reconvened in Cleveland on August 22, 2005 before a different ALJ.[1]

    On October 28, 2005 the ALJ entered his decision finding the plaintiff's son not disabled

---

[1] It appears that the ALJ who presided at that hearing was also from the Indianapolis Office of Hearings and Appeals, and traveled to Cleveland for that purpose. Although the child was with the plaintiff at that time he was excused from the room while his mother testified.

within the meaning of the Social Security Act, which stands as the defendant's final determination consequent to denial of review by the Appeals Council on July 2, 2007. The ALJ's "Finding," which represent the rationale of decision, were:

1. The child was born on January 8, 1997 and is currently enrolled in elementary school.

2. The child has not engaged in substantial gainful activity since the alleged onset date (20 CFR §416.924(b)).

3. The child has a "severe" impairment (20 CFR §416.924(c)).

4. The child's Asperger's Syndrome, mild, does not meet or medically equal the severity of any impairment listed in Part B, or Part A, of Appendix 1 to Subpart P of Part 404 of Chapter 20 of the Code of Federal Regulations, (20 CFR §§416.924(d)(1), 416.925 and 416.926).

5. The child does not have an "extreme" limitation in any domain of functioning, a "marked" limitation in two domains of functioning, and does not functionally equal the severity of the listings (20 CFR §§416.924(d)(2) and 416.926a).

6. The child's/mother's subjective complaints are considered credible only to the extent they are supported by the evidence of record as summarized in the text of this decision.

7. The child has not been under a "disability," at any time from the alleged onset date through the date of this decision (20 CFR§416.906).

The standards which control on a review of this nature were summarized by the Sixth Circuit in Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984) as follows:

> Judicial review of the Secretary's decision is limited in scope to determining whether the findings of fact made by the Secretary are supported by substantial evidence and deciding whether the Secretary employed the proper legal criteria in reaching her conclusion, Walston v. Gardner, 381 F.2d 580, 585 (6th Cir. 1967). This Court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility, Myers v. Richardson, 471 F.2d 1265

2

>(6th Cir. 1972). Rather "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive..." 42 U.S.C. §405(g).
>
>The Supreme Court has stated that "substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantiality of the evidence must be based upon the record taken as a whole. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980), citing Futernick v. Richardson, 484 F.2d 647 (6th Cir. 1973). "Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the `substantiality of evidence must take into account whatever in the record fairly detracts from its weight'." Beavers v. Secretary of Health, Education and Welfare, 577 F.2d 383, 387 (6th Cir. 1978), quoting Universal Camera Corp. v. N.L.R.B., 340 U.S. 474 (1951). "We may not focus and base our decision entirely on a single piece of evidence, and disregard other pertinent evidence." Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir. 1978).

In resolving the issue of whether the defendant's final determination is supported by substantial evidence the decision upon judicial review cannot turn upon whether the reviewing court agrees with the Secretary's determination. Indeed, the reviewing court may conclude that substantial evidence would support a final determination contrary to that arrived at by the defendant and yet be obliged to affirm the defendant's final determination. In Mullen v. Bowen, 800 F.2d 535, at 545 (6th Cir. 1986), the court cited with approval the following from Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984):

>The substantial-evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposition decision.

What this case essentially boils down to is a difference of opinion between plaintiff's counsel and the ALJ as to the import of an evaluation of the child performed over the course of four days

3

in July and August of 2005 by Dr. Michelle Rone-DePolo, a pediatric clinical psychologist affiliated with Akron Children's Hospital. Plaintiff's counsel argues that Dr. Rone-DePolo's report reflects that the child satisfies the requisites of Listing 112.10 of the Listings of Impairments for recognition of disability. The ALJ implicitly found to the contrary.

As recognized in plaintiff's brief, Listing 112.10, which provides for recognition of disability by virtue of "Autistic Disorder and Other Pervasive Developmental Disorders," requires that there be medically documented findings of the following:

1. Qualitative deficits in the development of reciprocal social interaction; and

2. Qualitative deficits in verbal and nonverbal communication and in imaginative activity; and

3. Markedly restricted repertoire of activities and interests.

In addition, for children between the ages of 3 to 18, the records must document the existence of two of the following:

1. Marked impairment in age-appropriate cognitive/communicative function.

2. Marked impairment in age-appropriate social functioning.

3. Marked impairment in age-appropriate personal functioning.

4. Marked difficulties in maintaining concentration, persistence, or pace.

Although in the "Evaluation Of The Evidence And Rationale" portion of the ALJ's decision he did not specifically allude to Listing 112.10 the ALJ found that the child did not meet or equal the standards of any listing, and he did cover the factors pertinent to that listing. With regard to the evaluation of Dr. Rone-DePolo the ALJ stated:

> The results of recent intellectual assessment and academic achievement

>assessment suggest that the child is "**solidly maintaining pace with his neuro-typically developing peer group**," according to the examining [non-treating] psychologist Michelle K. Rone-DePolo, PSYD, who "**strongly recommended**" that the **child remain** in a **regular education** setting [Exhibit G, pp. 6-7]. Testing suggested that he was learning and achieving appropriate to age and grade level; notwithstanding difficulty understanding more complex social behavior; i.e. often interrupts others, difficulty turn-taking. Dr. Rone-DePolo suggested that the child remain in group speech and language therapy and social skills group due to his deficits in social communications and social behavior. The DSM–IV diagnosis was Axis I: Asperger's Disorder-Mild; Axis II: Diagnosis deferred; Axis III; None reported; Axis IV: Peer Relationship Difficulties; and Axis V: GAF current–55-60. The essential features of [299.80] Asperger's Disorder are severe and sustained impairment in social interaction and the development of restricted, repetitive patterns of behavior, interests, and activities [DSM-IV-TR, 4th Ed. Text rev., pp. 80-84].
>
>I agree with Dr. Rone-DePolo's assessment of the nature and severity of the claimant's impairment and give it significant weight in the instant case [20 CFR 416.927[d][1]]; notwithstanding counsel's contrary argument that the child has marked limitations in two domains and, thus, is disabled. Dr. Rone-DePolo based her opinion after seeing recent evaluations [7/18/05, 8/1/05, 8/11/05 and 8/18/05], interviews with the child's mother, observation of the child, record review, parent and self-report forms, and test results, including Stanford-Binet Intelligence Scale–3rd Ed. [SV-5], Woodcock-Johnson Tests of Achievement–3rd Ed. [WJ-3], the Asperger's Syndrome Diagnostic Scale [ASDS], Vineland Adoptive Behavior Scales–2nd Ed. [VABS-2], and Behavior Assessment System for Children–2nd Ed.[BAS-C]. No treating source has opined otherwise [SSR 96-2p]. I also considered the earlier similar opinions of the Agency's non-examining medical or psychological "experts" in evaluating social security disability [Exhibits 1A, 1F,[2] pp. 32-37] [SSR 96-6p] [20 CFR 416.927[f][2][I]].

This Court has carefully reviewed Dr. Rone-DePolo's report, and does not find that the ALJ's reading thereof was in error. It must be noted that the GAF assigned by Dr. Rone-DePolo of 55:60 signifies the mid to upper range of "Moderate symptoms (e.g. flat affect and circumstantial

---

[2]Exhibit 1F is a report from another clinical psychologist. Dr. Frederick Leidal, who evaluated the child in November 2002 and concluded that "Based on clinical findings of this examination this child is not impaired for age expectations."

speech, occasional panic attacks) OR moderate difficulty in social, occupational or school functioning (e.g., few friends, conflicts with peers or co-workers)." This is not to say that her report does not reflect that the child has deficits in several areas, but this Court does not read the report as compelling the conclusion that those deficits are of a level of severity as to satisfy Listing 112.10.

The ALJ fully considered the factors set out at 20 C.F.R. §416.924a pertaining to "Considerations in determining disability for children" and found that the child did not meet those criteria. This Court sees no useful purpose to be served in repeating the ALJ's factual determinations with regard thereto. Suffice it to say that this Court finds that those findings of fact were well within the ALJ's "zone of choice."

It is, accordingly, recommended that final judgment be entered in the defendant's favor.

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE: February 18, 2009

**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).